

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD
F.#2010R00014

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

November 12, 2010

The Honorable Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11722

      Re:  United States v. Prado et al.
            Criminal Docket No. 10-CR-074 (S-2)(JFB)

Dear Judge Bianco:

     During an October 22, 2010 status conference in connection with the above-referenced matter, Your Honor directed the government to file a letter on or before November 12, 2010 setting forth how it intends to divide the defendants charged in the second superseding indictment for trial. As set forth more fully below, the government proposes dividing the remaining defendants into three groups for trial.[1]

     As an initial matter, a significant portion of the evidence introduced during any trials of these defendants, will be almost identical and relevant to all of these defendants, who are charged with being members and associates of La Mara Salvatrucha (the "MS-13") street gang. Specifically, in connection with the charges brought, pursuant to 18 U.S.C. § 1959 ("VICAR") and 18 U.S.C. § 1962 ("RICO"), the government will have to establish,

---

[1] Since the date of the last status conference, one defendant, Sergio Mejia-Barrera, has pled guilty, and the government is engaged in on-going plea negotiations with a number of other defendants. However, for the purposes of this letter, the government assumes that all of the remaining defendants will go to trial. If additional defendants plead guilty, or additional defendants and charges are added in a superseding indictment, the government may request to revise the schedule proposed herein.

among other things, that: (a) the MS-13, together with its leaders, members and associates, constituted an "enterprise," which had certain "purposes" and "means and methods;" (b) the activities of the MS-13 affected interstate and foreign commerce; and (c) the MS-13, through its leaders, members and associates, engaged in "racketeering activity," including acts and threats involving murder, robbery and narcotics trafficking.

The government's evidence with respect to these elements will be voluminous and will include, without limitation: the testimony of former members of the MS-13, former rival gang members, victims and eye witnesses; audio/video recordings; photographs and objects depicting MS-13 members' tattoos, graffiti and paraphernalia; firearms and other weapons recovered from MS-13 members; and the testimony of law enforcement officers, including a law enforcement expert witness regarding the MS-13. In light of this extensive, overlapping evidence, the government respectfully submits that joint trials of the defendants, pursuant to Rule 8 of the Federal Rules of Criminal Procedure, would promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (citations omitted).

With respect to the division of the defendants for trial, the government intends to try the following defendants, first: Giovanni Prado, Erick Alvarado, Elenilson Ortiz, Emilio Saballos, Walter Flores-Reyes, David Valle, Louis Ruiz, Francisco Ramos and Jose Salazar Erazo. These defendants are charged with participating in several assaults, witness intimidation, witness retaliation, and a conspiracy to distribute cocaine, which took place in Freeport and Hempstead, New York. See Second Superseding Indictment, Counts 1-2 (Racketeering Acts 1, 8 and 18), 3, 9-11, 21-25 and 40-42. Even if all nine of these defendants elect to go to trial, the government estimates that the trial will last less than one month.

Second, the government proposes including Efrain Zuniga, Yonis Acosta-Yanes, Diego Ninos and Cesar Landaverde in the next trial. These defendants are charged with two plots to kill rival, 18th Street gang members in the Glen Cove, New York area during 2008, and Acosta-Yanes and Zuniga are charged with conspiring to distribute cocaine. See Second Superseding Indictment, Counts 1-2 (Racketeering Acts 2, 4 and 5), 4, 7-8 and 12-13. The government estimates that a trial of these four defendants would take approximately three weeks.

2

Finally, as the Court noted during the last status conference, eight defendants, Heriberto Martinez, Vidal Espinal, Roger Alvarado, Carlos Martinez, Jose Gustavo Orellana-Torres, Mario Alphonso Herrera-Umanzor, Jimmy Sosa and Jeremias Exequiel Amaya, are charged with death eligible offenses. The government and counsel for those defendants are in the process of preparing memoranda to the Department of Justice regarding the death penalty issues. The government expects that it will be at least several more months before the Department of Justice decides whether to seek the death penalty against these defendants. At this time, the government intends to try those eight defendants together, once the death penalty determinations are made.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By: _____
    John J. Durham
    Assistant U.S. Attorney
    (631) 715-7851

cc: All Counsel of Record (By ECF)