

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NB:JJD
F.#2010R00014

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

March 3, 2011

The Honorable Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11722

      Re:  United States v. Prado <u>et al</u>.
            <u>Criminal Docket No. 10-CR-074 (S-3)(JFB)</u>

Dear Judge Bianco:

      Earlier today, the grand jury returned a Third
Superseding Indictment in connection with the above-referenced
matter, which adds five additional defendants, as well as
additional offenses against a number of the existing defendants.
A copy of the Third Superseding Indictment is attached hereto.

      The Court had previously divided the defendants charged
in the Second Superseding Indictment into three groups for trial.
However, the government respectfully submits that several changes
to those trial groups are necessary in light of the Third
Superseding Indictment.  The defendants David Valle and Louis Ruiz,
who are currently members of Group I, and Yonis Acosta-Yanes, who
is currently a member of Group II, have been charged with death-
eligible offenses in connection with the murders of Santos
Castillo-Martinez (Acosta-Yanes)[1] and Jairo Vasquez (Valle and
Ruiz).  Thus, the government requests that Valle, Ruiz and Acosta-
Yanes be transferred to Group III for trial.

---

    [1]  Valle has been charged with predicate acts related to the
Castillo-Martinez murder and attempted murder of John Doe #1 in
Count One.  <u>See</u> Racketeering Acts 3-4.  However, because he was a
juvenile at the time of the offense, he has not been charged with
substantive offenses relating to the Castillo-Martinez murder and
attempted murder of John Doe #1 at this time.  <u>See</u> Counts 6-11.

Additionally, as indicated above, the Third Superseding Indictment adds five new defendants, Wilber Ayala-Ardon, Franklin Villatoro, Yobany Calderon, Adalberto Ariel Guzman and Rene Mendez Mejia. Ayala-Ardon is charged with Attempted Murder, Assault with a Dangerous Weapon and firearms offenses relating to two, non-fatal shootings that took place in June and July 2009. The government respectfully requests that Ayala-Ardon be added to Group I. Villatoro and Calderon are charged with a death-eligible offense in connection with the murder of Erick Avalos. Therefore, the government requests that Villatoro and Calderon be included in Group III.

Finally, while Guzman and Mejia are each charged with two murders, the murders of Vanessa Argueta and Diego Torres, they were under the age of 18 at the time of the murders. Therefore, they are not eligible for the death penalty and face a maximum sentence of life imprisonment. See 18 U.S.C. § 3591. However, in light of the serious nature of the charges, as well as evidentiary connections to other charged offenses and defendants, the government respectfully requests that Guzman and Mejia be included in Group III. For example, ballistics evidence will establish that the .22 caliber handgun that Guzman and Mejia used in the Argueta and Torres murders, was the same handgun several of their co-defendants used to murder Nestor Moreno, and attempted to use to murder of Mario Alberto Canton Quijada. See Racketeering Acts 15, 18 and 19; Counts 44-51 and 59-65.

2

Accordingly, the government respectfully submits that the defendants should be divided into the following groups for trial:

**GROUP I**
GIOVANNI PRADO
ERICK ALVARADO
ELENILSON ORTIZ
EMILIO SABALLOS
WALTER FLORES-REYES
FRANCISCO RAMOS
WILBER AYALA-ARDON

**GROUP II**
EFRAIN ZUNIGA
DIEGO NINOS
CESAR LANDAVERDE

**GROUP III**
YONIS ACOSTA-YANES
DAVID VALLE
LOUIS RUIZ
HERIBERTO MARTINEZ
VIDAL ESPINAL
ROGER ALVARADO
CARLOS MARTINEZ
JOSE GUSTAVO ORELLANA-TORRES
MARIO ALPHONSO HERRERA-UMANZOR
JIMMY SOSA
JEREMIAS EXEQUIEL AMAYA
FRANKLIN VILLATORO
YOBANY CALDERON
ADALBERTO ARIEL GUZMAN
RENE MENDEZ MEJIA

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____
John J. Durham
Assistant U.S. Attorney
(631) 715-7851

cc:  All Counsel of Record (By ECF)

NB:JJD
F.#2010R00014

Received
FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ MAR 03 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

GIOVANNI PRADO,
    also known as "Joker,"
ERICK ALVARADO,
    also known as "Gato Seco,"
ELENILSON ORTIZ,
    also known as "Shorty,"
EFRAIN ZUNIGA,
    also known as "Panico,"
YONIS ACOSTA-YANES,
    also known as "Brujita,"
DIEGO NINOS,
    also known as "Veneno" and
    "Mico,"
EMILIO SABALLOS,
    also known as "Caballo,"
WALTER FLORES-REYES,
    also known as "Scrappy,"
DAVID VALLE,
    also known as "Niño" and
    "Oreo,"
LOUIS RUIZ,
    also known as "Chucky,"
FRANCISCO RAMOS,
    also known as "Cruiser,"
CESAR LANDAVERDE,
    also known as "Flaco" and
    "Rebelde,"
HERIBERTO MARTINEZ,
    also known as "Boxer,"
VIDAL ESPINAL,
    also known as "Demente,"
ROGER ALVARADO,
    also known as "Michichi,"
CARLOS MARTINEZ,
    also known as "Carlito,"
JOSE GUSTAVO ORELLANA-TORRES,
    also known as "Diablito" and
    "Gustavo Jefferson Orellana-
    Torres,"

**S U P E R S E D I N G
I N D I C T M E N T**

Cr. No. 10-074 (S-3)(JFB)
(T. 18, U.S.C., §§
924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(c)(1)(A)(iii),
924(c)(1)(C), 924(j)(1),
1512(a)(3), 1512(b)(1),
1512(b)(2)(A), 1512(b)(3),
1512(k), 1959(a)(1),
1959(a)(3), 1959(a)(4),
1959(a)(5), 1959(a)(6),
1962(c), 1962(d), 1963,
2, 3 and 3551 et seq.;
T. 21, U.S.C., §§
841(b)(1)(C) and 846)

MARIO ALPHONSO HERRERA-UMANZOR,
     also known as "Perdido,"
JIMMY SOSA,
     also known as "Junior,"
JEREMIAS EXEQUIEL AMAYA,
     also known as "Payaso,"
FRANKLIN VILLATORO,
     also known as "Monstro,"
WILBER AYALA-ARDON,
     also known as "Pajaro" and
     "Piolin,"
YOBANY CALDERON,
     also known as "Tego,"
ADALBERTO ARIEL GUZMAN,
     also known as "Gringo," and
RENE MENDEZ MEJIA,
     also known as "Zorro,"

        Defendants.

- - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

## INTRODUCTION

    At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Enterprise

    1.  La Mara Salvatrucha, also known as the "MS-13," (hereinafter the "MS-13" or the "enterprise") was a street gang comprised primarily of immigrants from Central America, with members located throughout Long Island, New York, Queens, New York and elsewhere.  Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted murder, robbery and assault, as well as other criminal activity, including narcotics trafficking, extortion, witness tampering and

witness retaliation.

2.    The defendants GIOVANNI PRADO, also known as
"Joker," ERICK ALVARADO, also known as "Gato Seco," ELENILSON
ORTIZ, also known as "Shorty," EFRAIN ZUNIGA, also known as
"Panico," YONIS ACOSTA-YANES, also known as "Brujita," DIEGO
NINOS, also known as "Veneno" and "Mico," EMILIO SABALLOS, also
known as "Caballo," WALTER FLORES-REYES, also known as "Scrappy,"
DAVID VALLE, also known as "Niño" and "Oreo," LOUIS RUIZ, also
known as "Chucky," FRANCISCO RAMOS, also known as "Cruiser,"
CESAR LANDAVERDE, also known as "Flaco" and "Rebelde," HERIBERTO
MARTINEZ, also known as "Boxer," VIDAL ESPINAL, also known as
"Demente," ROGER ALVARADO, also known as "Michichi," CARLOS
MARTINEZ, also known as "Carlito," JOSE GUSTAVO ORELLANA-TORRES,
also known as "Diablito" and "Gustavo Jefferson Orellana-Torres,"
MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY
SOSA, also known as "Junior," JEREMIAS EXEQUIEL AMAYA, also known
as "Payaso," WILBER AYALA-ARDON, also known as "Pajaro" and
"Piolin," FRANKLIN VILLATORO, also known as "Monstro," YOBANY
CALDERON, also known as "Tego," ADALBERTO ARIEL GUZMAN, also
known as "Gringo," and RENE MENDEZ MEJIA, also known as "Zorro,"
were members and associates of the MS-13.

3.    The MS-13, including its leadership, membership and
associates, constituted an "enterprise" as defined by Title 18,
United States Code, Section 1961(4), that is, a group of

3

individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

<u>Purposes of the Enterprise</u>

4.  The purposes of the enterprise included the following:

a.  Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

b.  Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

c.  Keeping victims and rivals in fear of the enterprise and its members and associates.

d.  Enriching the members and associates of the enterprise through criminal activity, including robbery, extortion and narcotics trafficking.

e.  Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

<u>Means and Methods of the Enterprise</u>

5.   Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.   Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

b.   Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and MS-13 members who violated the enterprise's rules.

c.   Members of the enterprise and their associates used, attempted to use and conspired to use robbery, extortion and narcotics trafficking as means of obtaining money.

<u>COUNT ONE</u>
(Racketeering)

6.   The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.   On or about and between April 1, 2001 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GIOVANNI PRADO, also known as "Joker," ELENILSON ORTIZ, also known as "Shorty," EFRAIN ZUNIGA, also known as

5

"Panico," YONIS ACOSTA-YANES, also known as "Brujita," DIEGO
NINOS, also known as "Veneno" and "Mico," EMILIO SABALLOS, also
known as "Caballo," DAVID VALLE, also known as "Niño" and "Oreo,"
LOUIS RUIZ, also known as "Chucky," HERIBERTO MARTINEZ, also
known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER
ALVARADO, also known as "Michichi," CARLOS MARTINEZ, also known
as "Carlito," JOSE GUSTAVO ORELLANA-TORRES, also known as
"Diablito" and "Gustavo Jefferson Orellana-Torres," MARIO
ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA,
also known as "Junior," JEREMIAS EXEQUIEL AMAYA, also known as
"Payaso," and FRANKLIN VILLATORO, also known as "Monstro,"
together with others, being persons employed by and associated
with the MS-13, an enterprise that engaged in, and the activities
of which affected, interstate and foreign commerce, did knowingly
and intentionally conduct and participate, directly and
indirectly, in the conduct of the affairs of the MS-13 through a
pattern of racketeering activity, as that term is defined by
Title 18, United States Code, Sections 1961(1) and 1961(5),
consisting of the racketeering acts set forth below.

<u>RACKETEERING ACT ONE</u>
(Conspiracy to Distribute Cocaine)

8.  In or about and between January 2003 and May 2010,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants GIOVANNI
PRADO, also known as "Joker," and EMILIO SABALLOS, also known as

6

"Caballo," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 846.

### RACKETEERING ACT TWO
(Conspiracy to Distribute Cocaine)

9. In or about and between April 2008 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EFRAIN ZUNIGA, also known as "Panico," and YONIS ACOSTA-YANES, also known as "Brujita," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 846.

### RACKETEERING ACT THREE
(Murder of Santos Castillo-Martinez and
Conspiracy to Murder Rival Gang Members)

10. The defendants DAVID VALLE, also known as "Niño" and "Oreo," and YONIS ACOSTA-YANES, also known as "Brujita," together with others, committed the following acts, either one of which alone constitutes Racketeering Act Three:

A.    Murder

11.  On or about May 5, 2008, within the Eastern
District of New York, the defendants DAVID VALLE, also known as
"Niño" and "Oreo," and YONIS ACOSTA-YANES, also known as
"Brujita," together with others, with intent to cause the death
of another person, to wit: Santos Castillo-Martinez, did cause
his death, in violation of New York Penal Law Sections 125.25(1)
and 20.00.

B.    Conspiracy to Murder

12.  In or about May 2008, such date being approximate
and inclusive, within the Eastern District of New York, the
defendants DAVID VALLE, also known as "Niño" and "Oreo," and
YONIS ACOSTA-YANES, also known as "Brujita," together with
others, did knowingly and intentionally conspire to cause the
death of members of the rival Salvadorans With Pride ("SWP") and
18th Street gangs, in violation of New York Penal Law Sections
125.25(1) and 105.15.

RACKETEERING ACT FOUR
(Attempted Murder of John Doe #1)

13.  On or about May 5, 2008, within the Eastern
District of New York, the defendants DAVID VALLE, also known as
"Niño" and "Oreo," and YONIS ACOSTA-YANES, also known as
"Brujita," together with others, did knowingly and intentionally
attempt to cause the death of another person, to wit: John Doe
#1, an individual whose identity is known to the Grand Jury, in

8

violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT FIVE
#### (Attempted Murder of John Doe #2)

14. On or about June 28, 2008, within the Eastern District of New York, the defendant JEREMIAS EXEQUIEL AMAYA, also known as "Payaso," together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT SIX
#### (Conspiracy to Murder John Doe #3)

15. In or about August 2008, within the Eastern District of New York, the defendants EFRAIN ZUNIGA, also known as "Panico," YONIS ACOSTA-YANES, also known as "Brujita," and DIEGO NINOS, also known as "Veneno" and "Mico," together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: John Doe #3, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT SEVEN
#### (Conspiracy to Murder John Doe #4)

16. On or about October 11, 2008, within the Eastern District of New York, the defendants YONIS ACOSTA-YANES, also known as "Brujita," and DIEGO NINOS, also known as "Veneno" and

9

"Mico," together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: John Doe #4, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

RACKETEERING ACT EIGHT<br>(Murder of Dexter Acheampong and<br>Conspiracy to Murder Rival Gang Members)

17.   The defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, committed the following acts, either one of which alone constitutes Racketeering Act Eight:

A.   Murder

18.   On or about May 26, 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, with intent to cause the death of another person, to wit: Dexter Acheampong, did cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

B.   Conspiracy to Murder

19.   In or about May 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

10

RACKETEERING ACT NINE
(Attempted Murder of John Doe #5)

20.   On or about July 5, 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #5, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT TEN
(Murder of Jairo Vasquez and
Conspiracy to Murder Rival Gang Members)

21.   The defendants DAVID VALLE, also known as "Niño" and "Oreo," and LOUIS RUIZ, also known as "Chucky," together with others, committed the following acts, either one of which alone constitutes Racketeering Act Ten:

A.   Murder

22.   On or about October 22, 2009, within the Eastern District of New York, the defendants DAVID VALLE, also known as "Niño" and "Oreo," and LOUIS RUIZ, also known as "Chucky," together with others, with intent to cause the death of another person, to wit: Jairo Vasquez, did cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

11

B.    Conspiracy to Murder

23.    In or about October 2009, within the Eastern
District of New York, the defendants DAVID VALLE, also known as
"Niño" and "Oreo," and LOUIS RUIZ, also known as "Chucky,"
together with others, did knowingly and intentionally conspire to
cause the death of members of the rival SWP and 18th Street
gangs, in violation of New York Penal Law Sections 125.25(1) and
105.15.

RACKETEERING ACT ELEVEN
(Attempted Murder of John Doe #6)

24.    On or about November 21, 2009, within the Eastern
District of New York, the defendants GIOVANNI PRADO, also known
as "Joker," and ELENILSON ORTIZ, also known as "Shorty," together
with others, did knowingly and intentionally attempt to cause the
death of another person, to wit: John Doe #6, an individual whose
identity is known to the Grand Jury, in violation of New York
Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT TWELVE
(Tampering with a Witness and Bribery of a Witness)

25.    The defendant ELENILSON ORTIZ, also known as
"Shorty," together with others, committed the following acts,
either one of which alone constitutes Racketeering Act Twelve:

A.    Tampering with a Witness

26.    In or about and between November 2009 and December
2009, both dates being approximate and inclusive, within the

12

Eastern District of New York, the defendant ELENILSON ORTIZ, also known as "Shorty," together with others, did knowingly and intentionally use intimidation, threaten, corruptly persuade and engage in misleading conduct toward another person, to wit: John Doe #6, with intent to (a) influence, delay and prevent the testimony of John Doe #6 in an official proceeding, to wit: a proceeding before a Federal grand jury in the Eastern District of New York, (b) cause and induce John Doe #6 to withhold testimony from said official proceeding, and (c) hinder, delay and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of one or more Federal offenses, to wit: the offenses charged in Counts Thirty-Six through Thirty-Nine, in violation of Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A), 1512(b)(3) and 2.

    B.   <u>Bribery of a Witness</u>

       27.  In or about and between November 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ELENILSON ORTIZ, also known as "Shorty," together with others, did knowingly and intentionally offer and agree to confer a benefit upon a witness in an action and proceeding, to wit: John Doe #6, upon an agreement and understanding that the testimony of such witness will thereby be influenced, and such witness will absent himself

13

from, and otherwise avoid and seek to avoid appearing and testifying at, such action and proceeding, in violation of New York Penal Law Sections 215.00 and 20.00.

RACKETEERING ACT THIRTEEN
(Murder of Erick Avalos and
Conspiracy to Murder Rival Gang Members)

28.   The defendant FRANKLIN VILLATORO, also known as "Monstro," together with others, committed the following acts, either one of which alone constitutes Racketeering Act Thirteen:

A.   <u>Murder</u>

29.   On or about December 12, 2009, within the Eastern District of New York, the defendant FRANKLIN VILLATORO, also known as "Monstro," together with others, with intent to cause the death of another person, to wit: Erick Avalos, did cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

B.   <u>Conspiracy to Murder</u>

30.   On or about December 12, 2009, within the Eastern District of New York, the defendant FRANKLIN VILLATORO, also known as "Monstro," together with others, did knowingly and intentionally conspire to cause the death of members of the rival 18th Street gang, in violation of New York Penal Law Sections 125.25(1) and 105.15.

14

### RACKETEERING ACT FOURTEEN
(Tampering with Witnesses)

31. In or about and between January 2010 and March 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendant EMILIO SABALLOS, also known as "Caballo," together with others, did knowingly and intentionally use intimidation, threaten, corruptly persuade and engage in misleading conduct toward one or more other persons, to wit: John Doe #7 and John Doe #8, individuals whose identities are known to the Grand Jury, with the intent to (a) influence, delay and prevent the testimony of such persons in an official proceeding, to wit: a proceeding before a Federal grand jury in the Eastern District of New York, and (b) cause and induce such persons to withhold testimony from said official proceeding, in violation of Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A) and 2.

### RACKETEERING ACT FIFTEEN
(Conspiracy to Murder Vanessa Argueta)

32. In or about and between January 2010 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendant HERIBERTO MARTINEZ, also known as "Boxer," together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: Vanessa Argueta, in violation of New York Penal Law Sections 125.25(1) and 105.15.

<u>RACKETEERING ACT SIXTEEN</u>
(Murder and Conspiracy to Murder David Sandler)

33. The defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as "Junior," and ROGER ALVARADO, also known as "Michichi," together with others, committed the following acts, either one of which alone constitutes Racketeering Act Sixteen:

A.   <u>Murder</u>

34. On or about February 17, 2010, within the Eastern District of New York, the defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as "Junior," and ROGER ALVARADO, also known as "Michichi," together with others, with intent to cause the death of another person, to wit: David Sandler, did cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

B.   <u>Conspiracy to Murder</u>

35. In or about February 2010, such date being approximate and inclusive, within the Eastern District of New York, the defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as "Junior," and ROGER ALVARADO, also known as "Michichi," together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: David Sandler, in violation of New York Penal Law Sections 125.25(1) and 105.15.

16

## RACKETEERING ACT SEVENTEEN
### (Attempted Murder of John Doe #9)

36. On or about February 17, 2010, within the Eastern District of New York, the defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as "Junior," and ROGER ALVARADO, also known as "Michichi," together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #9, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

## RACKETEERING ACT EIGHTEEN
### (Murder and Conspiracy to Murder Nestor Moreno)

37. The defendants HERIBERTO MARTINEZ, also known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER ALVARADO, also known as "Michichi," and CARLOS MARTINEZ, also known as "Carlito," together with others, committed the following acts, either one of which alone constitutes Racketeering Act Eighteen:

A.  Murder

38. On or about March 6, 2010, within the Eastern District of New York, the defendants HERIBERTO MARTINEZ, also known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER ALVARADO, also known as "Michichi," and CARLOS MARTINEZ, also known as "Carlito," together with others, with intent to cause

17

the death of another person, to wit: Nestor Moreno, did cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

B.   Underline Conspiracy to Murder

39.   In or about February 2010 and March 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendants HERIBERTO MARTINEZ, also known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER ALVARADO, also known as "Michichi," and CARLOS MARTINEZ, also known as "Carlito," together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: Nestor Moreno, in violation of New York Penal Law Sections 125.25(1) and 105.15.

RACKETEERING ACT NINETEEN
(Murder and Conspiracy to Murder Mario Alberto Canton Quijada)

40.   The defendants JEREMIAS EXEQUIEL AMAYA, also known as "Payaso," ROGER ALVARADO, also known as "Michichi," VIDAL ESPINAL, also known as "Demente," and CARLOS MARTINEZ, also known as "Carlito," together with others, committed the following acts, either one of which alone constitutes Racketeering Act Nineteen:

A.   Underline Murder

41.   On or about March 17, 2010, within the Eastern District of New York, the defendants JEREMIAS EXEQUIEL AMAYA, also known as "Payaso," and ROGER ALVARADO, also known as "Michichi," together with others, with intent to cause the death

18

of another person, to wit: Mario Alberto Canton Quijada, also
known as "Baby Blue," did cause his death, in violation of New
York Penal Law Sections 125.25(1) and 20.00.

B.   <u>Conspiracy to Murder</u>

42.   In or about March 2010, such date being
approximate and inclusive, within the Eastern District of New
York, the defendants JEREMIAS EXEQUIEL AMAYA, also known as
"Payaso," ROGER ALVARADO, also known as "Michichi," VIDAL
ESPINAL, also known as "Demente," and CARLOS MARTINEZ, also known
as "Carlito," together with others, did knowingly and
intentionally conspire to cause the death of another person, to
wit: Mario Alberto Canton Quijada, also known as "Baby Blue," in
violation of New York Penal Law Sections 125.25(1) and 105.15.

RACKETEERING ACT TWENTY
(Attempted Extortion of John Doe #10)

43.   In or about August 2010, within the Eastern
District of New York, the defendants LOUIS RUIZ, also known as
"Chucky," and FRANKLIN VILLATORO, also known as "Monstro,"
together with others, did knowingly and intentionally attempt to
steal property by extortion, in that the defendants and others
attempted to obtain property, to wit: money, drugs and commissary
items, by compelling and inducing one or more inmates at the
Nassau County Correctional Center, including John Doe #10, an
individual whose identity is known to the Grand Jury, to deliver
such property by instilling in them a fear that, if the property

19

were not so delivered, the defendants and others would cause physical injury to them in the future, in violation of New York Penal Law Sections 155.40(2)(a), 155.05(2)(e)(i), 110.00 and 20.00.

RACKETEERING ACT TWENTY-ONE
(Attempted Extortion of John Doe #11)

44.  In or about and between August 2010 and November 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendants DAVID VALLE, also known as "Niño" and "Oreo," and ELENILSON ORTIZ, also known as "Shorty," together with others, did knowingly and intentionally attempt to steal property by extortion, in that the defendants and others attempted to obtain property, to wit: money, drugs and commissary items, by compelling and inducing one or more inmates at the Nassau County Correctional Center, including John Doe #11, an individual whose identity is known to the Grand Jury, to deliver such property by instilling in them a fear that, if the property were not so delivered, the defendants and others would cause physical injury to them in the future, in violation of New York Penal Law Sections 155.40(2)(a), 155.05(2)(e)(i), 110.00 and 20.00.

RACKETEERING ACT TWENTY-TWO
(Tampering with a Witness)

45.  In or about November 2010, within the Eastern District of New York, the defendants DAVID VALLE, also known as

20

"Niño" and "Oreo," and ELENILSON ORTIZ, also known as "Shorty," together with others, did knowingly and intentionally use intimidation, threaten, corruptly persuade and engage in misleading conduct toward another person, to wit: John Doe #12, an individual whose identity is known to the Grand Jury, with the intent to hinder, delay and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of Federal offenses, to wit: the offenses charged in Counts Thirty-Four and Thirty-Five, in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
### (Racketeering Conspiracy)

46.   The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

47.   On or about and between April 1, 2001 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GIOVANNI PRADO, also known as "Joker," ELENILSON ORTIZ, also known as "Shorty," EFRAIN ZUNIGA, also known as "Panico," YONIS ACOSTA-YANES, also known as "Brujita," DIEGO NINOS, also known as "Veneno" and "Mico," EMILIO SABALLOS, also

21

known as "Caballo," DAVID VALLE, also known as "Niño" and "Oreo,"
LOUIS RUIZ, also known as "Chucky," HERIBERTO MARTINEZ, also
known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER
ALVARADO, also known as "Michichi," CARLOS MARTINEZ, also known
as "Carlito," JOSE GUSTAVO ORELLANA-TORRES, also known as
"Diablito" and "Gustavo Jefferson Orellana-Torres," MARIO
ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA,
also known as "Junior," JEREMIAS EXEQUIEL AMAYA, also known as
"Payaso," and FRANKLIN VILLATORO, also known as "Monstro,"
together with others, being persons employed by and associated
with the MS-13, an enterprise that engaged in, and the activities
of which affected, interstate and foreign commerce, did knowingly
and intentionally conspire to violate Title 18, United States
Code, Section 1962(c), that is, to conduct and participate,
directly and indirectly, in the conduct of the affairs of the
enterprise through a pattern of racketeering activity, as that
term is defined in Title 18, United States Code, Sections 1961(1)
and 1961(5).

      48.  The pattern of racketeering activity through which
the defendants GIOVANNI PRADO, also known as "Joker," ELENILSON
ORTIZ, also known as "Shorty," EFRAIN ZUNIGA, also known as
"Panico," YONIS ACOSTA-YANES, also known as "Brujita," DIEGO
NINOS, also known as "Veneno" and "Mico," EMILIO SABALLOS, also
known as "Caballo," DAVID VALLE, also known as "Niño" and "Oreo,"

22

LOUIS RUIZ, also known as "Chucky," HERIBERTO MARTINEZ, also
known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER
ALVARADO, also known as "Michichi," CARLOS MARTINEZ, also known
as "Carlito," JOSE GUSTAVO ORELLANA-TORRES, also known as
"Diablito" and "Gustavo Jefferson Orellana-Torres," MARIO
ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA,
also known as "Junior," JEREMIAS EXEQUIEL AMAYA, also known as
"Payaso," and FRANKLIN VILLATORO, also known as "Monstro,"
together with others, agreed to conduct the affairs of the
enterprise consisted of the racketeering acts set forth in
paragraphs eight through forty-five of Count One of this
Superseding Indictment, as Racketeering Acts One through Twenty-
Two, which are realleged and incorporated as if fully set forth
in this paragraph.  Each defendant agreed that a conspirator
would commit at least two acts of racketeering in the conduct of
the affairs of the enterprise.

     (Title 18, United States Code, Sections 1962(d), 1963
and 3551 et seq.)

COUNT THREE
(Conspiracy to Distribute Cocaine)

     49.  In or about and between January 2003 and May 2010,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants GIOVANNI
PRADO, also known as "Joker," and EMILIO SABALLOS, also known as
"Caballo," together with others, did knowingly and intentionally

23

conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 <u>et seq.</u>)

### COUNT FOUR
(Conspiracy to Distribute Cocaine)

50.    In or about and between April 2008 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EFRAIN ZUNIGA, also known as "Panico," and YONIS ACOSTA-YANES, also known as "Bruhita," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 <u>et seq.</u>)

### COUNT FIVE
(Conspiracy to Commit Assault with
Dangerous Weapons at Roosevelt Field Mall)

51.    At all times relevant to this Superseding Indictment, the MS-13, as more fully described in paragraphs one

24

through five, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

52.    At all times relevant to this Superseding Indictment, the MS-13, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder, extortion and robbery, in violation of the laws of the State of New York, witness tampering and witness retaliation, in violation of Title 18, United States Code, Sections 1512 and 1513, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

53.    On or about May 4, 2008, the defendant LOUIS RUIZ, also known as "Chucky," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to assault John Doe #13, an individual whose identity is known to the Grand Jury, with one or more dangerous weapons, to

wit: a steak knife, a box cutter and a gravity knife, in violation of New York Penal Law Sections 120.05(2) and 105.05.

(Title 18, United States Code, Sections 1959(a)(6) and 3551 et seq.)

COUNT SIX
(Conspiracy to Murder Rival Gang Members)

54. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

55. In or about May 2008, within the Eastern District of New York, the defendant YONIS ACOSTA-YANES, also known as "Brujita," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder members of the rival SWP and 18th Street gangs, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT SEVEN
(Murder of Santos Castillo-Martinez)

56. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

57. On or about May 5, 2008, within the Eastern District of New York, the defendant YONIS ACOSTA-YANES, also

26

known as "Brujita," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Santos Castillo-Martinez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT EIGHT
(Discharge of Firearm During a Crime
of Violence: Santos Castillo-Martinez Murder)

58. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

59. On or about May 5, 2008, within the Eastern District of New York, the defendant YONIS ACOSTA-YANES, also known as "Brujita," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Six and Seven, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

<u>COUNT NINE</u>
(Causing the Death of Santos Castillo-Martinez
Through the Use of a Firearm)

60.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

61.   On or about May 5, 2008, within the Eastern District of New York, the defendant YONIS ACOSTA-YANES, also known as "Brujita," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Eight, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought, did unlawfully kill Santos Castillo-Martinez willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT TEN</u>
(Attempted Murder of John Doe #1)

62.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

63.   On or about May 5, 2008, within the Eastern District of New York, the defendant YONIS-ACOSTA-YANES, also known as "Brujita," together with others, for the purpose of

28

maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #1, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT ELEVEN
(Discharge of Firearm During Crime of Violence:
Attempted Murder of John Doe #1)

64. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

65. On or about May 5, 2008, within the Eastern District of New York, the defendant YONIS ACOSTA-YANES, also known as "Brujita," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Ten, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

29

<u>COUNT TWELVE</u>
(Attempted Murder of John Doe #2)

66.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

67.   On or about June 28, 2008, within the Eastern District of New York, the defendant JEREMIAS EXEQUIEL AMAYA, also known as "Payaso," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT THIRTEEN</u>
(Assault with Dangerous Weapons:
Machete and Baseball Bat Attack on John Doe #2)

68.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

69.   On or about June 28, 2008, within the Eastern District of New York, the defendant JEREMIAS EXEQUIEL AMAYA, also known as "Payaso," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2 with one or more dangerous weapons, to wit:

30

a machete and baseball bats, in violation of New York Penal Law
Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2
and 3551 et seq.)

### COUNT FOURTEEN
(Conspiracy to Murder John Doe #3)

70. The allegations contained in paragraphs one
through five and fifty-one and fifty-two are realleged and
incorporated as if fully set forth in this paragraph.

71. In or about August 2008, within the Eastern
District of New York, the defendants EFRAIN ZUNIGA, also known as
"Panico," YONIS ACOSTA-YANES, also known as "Brujita," and DIEGO
NINOS, also known as "Veneno" and "Mico," together with others,
for the purpose of maintaining and increasing position in the MS-
13, an enterprise engaged in racketeering activity, did knowingly
and intentionally conspire to murder John Doe #3, in violation of
New York Penal Law Sections 125.25 and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and
3551 et seq.)

### COUNT FIFTEEN
(Using a Firearm During a Crime of Violence)

72. The allegations contained in paragraphs one
through five and fifty-one and fifty-two are realleged and
incorporated as if fully set forth in this paragraph.

31

73.   In or about August 2008, within the Eastern
District of New York, the defendants EFRAIN ZUNIGA, also known as
"Panico," YONIS ACOSTA-YANES, also known as "Brujita," and DIEGO
NINOS, also known as "Veneno" and "Mico," together with others,
did knowingly and intentionally use and carry a firearm during
and in relation to a crime of violence, to wit: the crime charged
in Count Fourteen, and did knowingly and intentionally possess
said firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections
924(c)(1)(A)(i), 924(c)(1)(C), 2 and 3551 et seq.)

COUNT SIXTEEN
(Conspiracy to Commit Assault with Dangerous Weapons)

74.   The allegations contained in paragraphs one
through five and fifty-one and fifty-two are realleged and
incorporated as if fully set forth in this paragraph.

75.   On or about September 14, 2008, the defendants
GIOVANNI PRADO, also known as "Joker," EMILIO SABALLOS, also
known as "Caballo," WALTER FLORES-REYES, also known as "Scrappy,"
DAVID VALLE, also known as "Niño" and "Oreo," LOUIS RUIZ, also
known as "Chucky," and FRANCISCO RAMOS, also known as "Cruiser,"
together with others, for the purpose of maintaining and
increasing position in the MS-13, an enterprise engaged in
racketeering activity, did knowingly and intentionally conspire
to assault one or more individuals, to wit: Iber Marin, John Doe
#14 and John Doe #15, individuals whose identities are known to

32

the Grand Jury, with one or more dangerous weapons, to wit: glass beer bottles, in violation of New York Penal Law Sections 120.05(2) and 105.05.

(Title 18, United States Code, Sections 1959(a)(6) and 3551 et seq.)

## COUNT SEVENTEEN
(Assault Resulting in Serious Bodily Injury: Iber Marin)

76.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

77.  On or about September 14, 2008, within the Eastern District of New York, the defendants GIOVANNI PRADO, also known as "Joker," EMILIO SABALLOS, also known as "Caballo," WALTER FLORES-REYES, also known as "Scrappy," DAVID VALLE, also known as "Niño" and "Oreo," LOUIS RUIZ, also known as "Chucky," and FRANCISCO RAMOS, also known as "Cruiser," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Iber Marin, which assault resulted in serious bodily injury, to wit: death, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

33

## COUNT EIGHTEEN
(Assault Resulting in Serious Bodily Injury: John Doe #15)

78. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

79. On or about September 14, 2008, within the Eastern District of New York, the defendants WALTER FLORES-REYES, also known as "Scrappy," DAVID VALLE, also known as "Niño" and "Oreo," and LOUIS RUIZ, also known as "Chucky," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #15, which assault resulted in serious bodily injury, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT NINETEEN
(Conspiracy to Murder John Doe #4)

80. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

81. On or about October 11, 2008, within the Eastern District of New York, the defendants YONIS ACOSTA-YANES, also known as "Brujita," DIEGO NINOS, also known as "Veneno" and "Mico," and CESAR LANDAVERDE, also known as "Flaco" and

"Rebelde," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder John Doe #4, in violation of New York Penal Law Sections 125.25 and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWENTY
(Using a Firearm During a Crime of Violence)

82.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

83.   On or about October 11, 2008, within the Eastern District of New York, the defendants YONIS ACOSTA-YANES, also known as "Brujita," DIEGO NINOS, also known as "Veneno" and "Mico," and CESAR LANDAVERDE, also known as "Flaco" and "Rebelde," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Nineteen, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(C), 2 and 3551 et seq.)

35

COUNT TWENTY-ONE
(Conspiracy to Murder Rival Gang Members)

84.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

85.  In or about May 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT TWENTY-TWO
(Murder of Dexter Acheampong)

86.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

87.  On or about May 26, 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in

36

racketeering activity, did knowingly and intentionally murder Dexter Acheampong, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT TWENTY-THREE
(Discharge of Firearm During a Crime
of Violence: Dexter Acheampong Murder)

88. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

89. On or about May 26, 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twenty-One and Twenty-Two, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT TWENTY-FOUR
(Causing the Death of Dexter Acheampong
Through the Use of a Firearm)

90. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

91. On or about May 26, 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty-Three, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought, did unlawfully kill Dexter Acheampong willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT TWENTY-FIVE
(Attempted Murder of John Doe #16)

92. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

93. On or about June 6, 2009, within the Eastern District of New York, the defendant WILBER AYALA-ARDON, also

38

known as "Pajaro" and "Piolin," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #16, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT TWENTY-SIX<br>(Assault with a Dangerous Weapon:<br>Shooting of John Doe #16)

94.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

95.   On or about June 6, 2009, within the Eastern District of New York, the defendant WILBER AYALA-ARDON, also known as "Pajaro" and "Piolin," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #16 with a dangerous weapon, to wit: a .38 caliber revolver, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

39

COUNT TWENTY-SEVEN
(Discharge of Firearm During Crimes of Violence:
Attempted Murder and Assault of John Doe #16)

96.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

97.  On or about June 6, 2009, within the Eastern District of New York, the defendant WILBER AYALA-ARDON, also known as "Pajaro" and "Piolin," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twenty-Five and Twenty-Six, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT TWENTY-EIGHT
(Attempted Murder of John Doe #17)

98.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

99.  On or about July 1, 2009, within the Eastern District of New York, the defendant WILBER AYALA-ARDON, also known as "Pajaro" and "Piolin," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

40

intentionally attempt to murder John Doe #17, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

### COUNT TWENTY-NINE
(Assault with a Dangerous Weapon:
Shooting of John Doe #17)

100.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

101.   On or about July 1, 2009, within the Eastern District of New York, the defendant WILBER AYALA-ARDON, also known as "Pajaro" and "Piolin," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #17 with a dangerous weapon, to wit: a .38 caliber revolver, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

41

COUNT THIRTY
(Discharge of Firearm During a Crimes of Violence:
Attempted Murder and Assault of John Doe #17)

102. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

103. On or about July 1, 2009, within the Eastern District of New York, the defendant WILBER AYALA-ARDON, also known as "Pajaro" and "Piolin," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twenty-Eight and Twenty-Nine, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

COUNT THIRTY-ONE
(Attempted Murder of John Doe #5)

104. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

105. On or about July 5, 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, for the purpose of maintaining and

42

increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #5, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT THIRTY-TWO
(Assault with a Dangerous Weapon:
Shooting of John Doe #5)

106. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

107. On or about July 5, 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #5 with a dangerous weapon, to wit: a .38 caliber revolver, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

43

COUNT THIRTY-THREE
(Discharge of Firearm During Crimes of Violence:
Attempted Murder and Assault of John Doe #5)

108.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

109.   On or about July 5, 2009, within the Eastern District of New York, the defendant JOSE GUSTAVO ORELLANA-TORRES, also known as "Diablito" and "Gustavo Jefferson Orellana-Torres," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Thirty-One and Thirty-Two, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

COUNT THIRTY-FOUR
(Conspiracy to Murder Rival Gang Members)

110.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

111.   In or about October 2009, within the Eastern District of New York, the defendants DAVID VALLE, also known as "Niño" and "Oreo," and LOUIS RUIZ, also known as "Chucky,"

44

together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder members of the rival SWP and 18th Street gangs, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

<u>COUNT THIRTY-FIVE</u>
(Murder of Jairo Vasquez)

112.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

113.   On or about October 22, 2009, within the Eastern District of New York, the defendants DAVID VALLE, also known as "Niño" and "Oreo," and LOUIS RUIZ, also known as "Chucky," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jairo Vasquez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT THIRTY-SIX
(Conspiracy to Commit Assault with a Dangerous Weapon)

114. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

115. On or about November 21, 2009, the defendants GIOVANNI PRADO, also known as "Joker," ERICK ALVARADO, also known as "Gato Seco," and ELENILSON ORTIZ, also known as "Shorty," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to assault one or more individuals, to wit: John Doe #6, John Doe #7 and John Doe #8, with one or more dangerous weapons, to wit: a baseball bat and glass beer bottles, in violation of New York Penal Law Sections 120.05(2) and 105.05.

(Title 18, United States Code, Sections 1959(a)(6) and 3551 et seq.)

COUNT THIRTY-SEVEN
(Attempted Murder of John Doe #6)

116. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

117. On or about November 21, 2009, within the Eastern District of New York, the defendants GIOVANNI PRADO, also known as "Joker," ERICK ALVARADO, also known as "Gato Seco," and

46

ELENILSON ORTIZ, also known as "Shorty," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #6, in violation of New York Penal Law Sections 125.25(1) and 110.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT THIRTY-EIGHT
(Assault with a Dangerous Weapon:
Baseball Bat Beating of John Doe #6)

118. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

119. On or about November 21, 2009, within the Eastern District of New York, the defendants GIOVANNI PRADO, also known as "Joker," ERICK ALVARADO, also known as "Gato Seco," and ELENILSON ORTIZ, also known as "Shorty," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #6 with a dangerous weapon, to wit: a baseball bat, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT THIRTY-NINE
(Threatening to Commit Crimes of Violence)

120.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

121.  On or about November 21, 2009, within the Eastern District of New York, the defendants GIOVANNI PRADO, also known as "Joker," ERICK ALVARADO, also known as "Gato Seco," and ELENILSON ORTIZ, also known as "Shorty," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally threaten to commit crimes of violence against one or more individuals, to wit: John Doe #7 and John Doe #8, in violation of New York Penal Law Sections 120.14(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(4), 2 and 3551 et seq.)

### COUNT FORTY
(Tampering with a Witness)

122.  In or about and between November 2009 and December 2009, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ELENILSON ORTIZ, also known as "Shorty," together with others, did knowingly and intentionally use intimidation, threaten, corruptly persuade and engage in misleading conduct toward another person, to wit: John Doe #6, with intent to (a) influence, delay and prevent the

48

Case 2:10-cr-00074-JFB   Document 368   Filed 03/03/11   Page 52 of 74 PageID #: 970

testimony of John Doe #6 in an official proceeding, to wit: a proceeding before a Federal grand jury in the Eastern District of New York, (b) cause and induce John Doe #6 to withhold testimony from said official proceeding, and (c) hinder, delay and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of one or more Federal offenses, to wit: the offenses charged in Counts Thirty-Six through Thirty-Nine.

(Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A), 1512(b)(3), 2 and 3551 et seq.)

COUNT FORTY-ONE
(Conspiracy to Murder Rival Gang Members)

123.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

124.   On or about December 12, 2009, within the Eastern District of New York, the defendants FRANKLIN VILLATORO, also known as "Monstro," and YOBANY CALDERON, also known as "Tego," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder members of the rival 18th Street gang, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

49

## COUNT FORTY-TWO
### (Murder of Erick Avalos)

125.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

126.   On or about December 12, 2009, within the Eastern District of New York, the defendants FRANKLIN VILLATORO, also known as "Monstro," and YOBANY CALDERON, also known as "Tego," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Erick Avalos, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FORTY-THREE
### (Tampering with Witnesses)

127.   In or about and between January 2010 and March 2010, both dates being approximate and inclusive, within the Eastern District of New York, the defendant EMILIO SABALLOS, also known as "Caballo," together with others, did knowingly and intentionally use intimidation, threaten, corruptly persuade and engage in misleading conduct toward one or more other persons, to wit: John Doe #7 and John Doe #8, with the intent to (a) influence, delay and prevent the testimony of such persons in an

official proceeding, to wit: a proceeding before a Federal grand jury in the Eastern District of New York, and (b) cause and induce such persons to withhold testimony from said official proceeding.

(Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A), 2 and 3551 et seq.)

### COUNT FORTY-FOUR
(Conspiracy to Murder Vanessa Argueta and Diego Torres)

128.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

129.   In or about and between January 2010 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ADALBERTO ARIEL GUZMAN, also known as "Gringo," RENE MENDEZ MEJIA, also known as "Zorro," and HERIBERTO MARTINEZ, also known as "Boxer," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more individuals, to wit: Vanessa Argueta and Diego Torres, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

51

COUNT FORTY-FIVE
(Murder of Vanessa Argueta)

130.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

131.   On or about February 5, 2010, within the Eastern District of New York, the defendants ADALBERTO ARIEL GUZMAN, also known as "Gringo," and RENE MENDEZ MEJIA, also known as "Zorro," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Vanessa Argueta, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT FORTY-SIX
(Discharge of Firearm During Crimes of Violence:
Argueta Murder and Murder Conspiracy)

132.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

133.   On or about February 5, 2010, within the Eastern District of New York, the defendants ADALBERTO ARIEL GUZMAN, also known as "Gringo," RENE MENDEZ MEJIA, also known as "Zorro," HERIBERTO MARTINEZ, also known as "Boxer," together with others, did knowingly and intentionally use and carry a firearm during

52

and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Forty-Four and Forty-Five, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 <u>et</u> <u>seq</u>.)

COUNT FORTY-SEVEN
(Causing the Death of Vanessa Argueta
Through the Use of a Firearm)

134.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

135.   On or about February 5, 2010, within the Eastern District of New York, the defendants ADALBERTO ARIEL GUZMAN, also known as "Gringo," and RENE MENDEZ MEJIA, also known as "Zorro," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Forty-Six, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, with malice aforethought, did unlawfully kill Vanessa Argueta willfully, deliberately, maliciously and with premeditation.

53

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT FORTY-EIGHT
### (Murder of Diego Torres)

136.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

137.  On or about February 5, 2010, within the Eastern District of New York, the defendants ADALBERTO ARIEL GUZMAN, also known as "Gringo," and RENE MENDEZ MEJIA, also known as "Zorro," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Diego Torres, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FORTY-NINE
### (Discharge of Firearm During a Crime of Violence: Torres Murder)

138.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

139.  On or about February 5, 2010, within the Eastern District of New York, the defendants ADALBERTO ARIEL GUZMAN, also known as "Gringo," and RENE MENDEZ MEJIA, also known as "Zorro,"

54

together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Forty-Eight, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

COUNT FIFTY
(Causing the Death of Diego Torres Through the Use of a Firearm)

140.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

141.  On or about February 5, 2010, within the Eastern District of New York, the defendants ADALBERTO ARIEL GUZMAN, also known as "Gringo," and RENE MENDEZ MEJIA, also known as "Zorro," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Forty-Nine, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, with malice aforethought, did

unlawfully kill Diego Torres willfully, deliberately, maliciously
and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2
and 3551 et seq.)

### COUNT FIFTY-ONE
(Accessory After the Fact)

142.  In or about February 2010, within the Eastern
District of New York, the defendant HERIBERTO MARTINEZ, also
known as "Boxer," knowing that one or more offenses against the
United States had been committed, to wit: the offenses charged in
Counts Forty-Four through Fifty, did knowingly and intentionally
receive and assist one or more offenders, to wit: ADALBERTO ARIEL
GUZMAN, also known as "Gringo," and RENE MENDEZ MEJIA, also known
as "Zorro," in order to hinder and prevent the offenders'
apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 et
seq.)

### COUNT FIFTY-TWO
(Conspiracy to Murder David Sandler)

143.  The allegations contained in paragraphs one
through five and fifty-one and fifty-two are realleged and
incorporated as if fully set forth in this paragraph.

144.  In or about February 2010, within the Eastern
District of New York, the defendants MARIO ALPHONSO HERRERA-
UMANZOR, also known as "Perdido," JIMMY SOSA, also known as

56

"Junior," and ROGER ALVARADO, also known as "Michichi," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder David Sandler, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT FIFTY-THREE
(Murder of David Sandler)

145.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

146.  On or about February 17, 2010, within the Eastern District of New York, the defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as "Junior," and ROGER ALVARADO, also known as "Michichi," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder David Sandler, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

57

COUNT FIFTY-FOUR
(Discharge of Firearm During a Crime
of Violence: David Sandler Murder)

147. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

148. On or about February 17, 2010, within the Eastern District of New York, the defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as "Junior," and ROGER ALVARADO, also known as "Michichi," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Fifty-Two and Fifty-Three, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT FIFTY-FIVE
(Causing the Death of David Sandler Through the Use of a Firearm)

149. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

150. On or about February 17, 2010, within the Eastern District of New York, the defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as

58

"Junior," and ROGER ALVARADO, also known as "Michichi," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Fifty-Four, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, with malice aforethought, did unlawfully kill David Sandler willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

### COUNT FIFTY-SIX
(Attempted Murder of John Doe #9)

151.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

152.  On or about February 17, 2010, within the Eastern District of New York, the defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as "Junior," and ROGER ALVARADO, also known as "Michichi," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John

Doe #9, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT FIFTY-SEVEN
(Assault with a Dangerous Weapon:
Shooting of John Doe #9)

153.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

154.  On or about February 17, 2010, within the Eastern District of New York, the defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as "Junior," and ROGER ALVARADO, also known as "Michichi," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #9 with a dangerous weapon, to wit: a .38 caliber revolver, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT FIFTY-EIGHT
(Discharge of Firearm During Crimes of Violence:
Attempted Murder and Assault of John Doe #9)

155.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

156.   On or about February 17, 2010, within the Eastern District of New York, the defendants MARIO ALPHONSO HERRERA-UMANZOR, also known as "Perdido," JIMMY SOSA, also known as "Junior," and ROGER ALVARADO, also known as "Michichi," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Fifty-Six and Fifty-Seven, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

COUNT FIFTY-NINE
(Conspiracy to Murder Nestor Moreno)

157.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

158.   In or about and between February 2010 and March 2010, both dates being approximate and inclusive, within the

61

Eastern District of New York, the defendants HERIBERTO MARTINEZ, also known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER ALVARADO, also known as "Michichi," and CARLOS MARTINEZ, also known as "Carlito," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Nestor Moreno, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT SIXTY
(Murder of Nestor Moreno)

159. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

160. On or about March 6, 2010, within the Eastern District of New York, the defendants HERIBERTO MARTINEZ, also known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER ALVARADO, also known as "Michichi," and CARLOS MARTINEZ, also known as "Carlito," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

murder Nestor Moreno, in violation of New York Penal Law Sections
125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2
and 3551 et seq.)

## COUNT SIXTY-ONE
(Discharge of Firearm During Crimes
of Violence: Nestor Moreno Murder and Murder Conspiracy)

161.   The allegations contained in paragraphs one
through five and fifty-one and fifty-two are realleged and
incorporated as if fully set forth in this paragraph.

162.   On or about March 6, 2010, within the Eastern
District of New York, the defendants HERIBERTO MARTINEZ, also
known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER
ALVARADO, also known as "Michichi," and CARLOS MARTINEZ, also
known as "Carlito," together with others, did knowingly and
intentionally use and carry a firearm during and in relation to
one or more crimes of violence, to wit: the crimes charged in
Counts Fifty-Nine and Sixty, and did knowingly and intentionally
possess said firearm in furtherance of such crimes of violence,
which firearm was brandished and discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et
seq.)

## COUNT SIXTY-TWO
(Causing the Death of Nestor Moreno Through the Use of a Firearm)

163.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

164.  On or about March 6, 2010, within the Eastern District of New York, the defendants HERIBERTO MARTINEZ, also known as "Boxer," VIDAL ESPINAL, also known as "Demente," ROGER ALVARADO, also known as "Michichi," and CARLOS MARTINEZ, also known as "Carlito," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Sixty-One, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, with malice aforethought, did unlawfully kill Nestor Moreno willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT SIXTY-THREE
(Conspiracy to Murder Mario Alberto Canton Quijada)

165.  The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

64

166.   In or about March 2010, such dates being approximate and inclusive, within the Eastern District of New York, the defendants JEREMIAS EXEQUIEL AMAYA, also known as "Payaso," VIDAL ESPINAL, also known as "Demente," ROGER ALVARADO, also known as "Michichi," and CARLOS MARTINEZ, also known as "Carlito," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Mario Alberto Canton Quijada, also known as "Baby Blue," in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

<u>COUNT SIXTY-FOUR</u>
(Murder of Mario Alberto Canton Quijada)

167.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

168.   On or about March 17, 2010, within the Eastern District of New York, the defendants JEREMIAS EXEQUIEL AMAYA, also known as "Payaso," and ROGER ALVARADO, also known as "Michichi," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder

65

Mario Alberto Canton Quijada, also known as "Baby Blue," in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT SIXTY-FIVE
(Brandishing of a Firearm During a Crime
of Violence: Quijada Murder)

169. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

170. On or about March 17, 2010, within the Eastern District of New York, the defendants JEREMIAS EXEQUIEL AMAYA, also known as "Payaso," and ROGER ALVARADO, also known as "Michichi," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Sixty-Three and Sixty-Four, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(C), 2 and 3551 et seq.)

### COUNT SIXTY-SIX
(Assault Resulting in Serious Bodily Injury: John Doe #10)

171. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

66

172. On or about August 30, 2010, within the Eastern District of New York, the defendants LOUIS RUIZ, also known as "Chucky," and FRANKLIN VILLATORO, also known as "Monstro," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #10, which assault resulted in serious bodily injury, in violation of New York Penal Law Section 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT SIXTY-SEVEN
### (Tampering with a Witness)

173. In or about November 2010, within the Eastern District of New York, the defendants DAVID VALLE, also known as "Niño" and "Oreo," and ELENILSON ORTIZ, also known as "Shorty," together with others, did knowingly and intentionally use intimidation, threaten, corruptly persuade and engage in misleading conduct toward another person, to wit: John Doe #12, with the intent to hinder, delay and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of Federal offenses, to wit: the offenses charged in Counts Thirty-Four and Thirty-Five.

(Title 18, United States Code, Sections 1512(b)(3), 2 and 3551 et seq.)

67

COUNT SIXTY-EIGHT
(Conspiracy to Murder Jane Doe #1,
Jane Doe #2, and John Doe #18)

174. The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

175. In or about and between September 2010 and December 2010, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RAMOS, also known as "Cruiser," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Jane Doe #1, Jane Doe #2 and John Doe #18, individuals whose identities are known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT SIXTY-NINE
(Conspiracy to Commit the Obstruction of Justice
Murders of Jane Doe #1, Jane Doe #2 and John Doe #18)

176. In or about and between September 2010 and December 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RAMOS, also known as "Cruiser," together with others, did knowingly and intentionally conspire to kill one or more

68

other persons, to wit: Jane Doe #1, Jane Doe #2 and John Doe #18, with intent to (a) prevent the attendance and testimony of such persons in one or more official proceedings, to wit: proceedings before a judge and court of the United States, and (b) prevent the communication by such persons to a law enforcement officer of the United States of information relating to the commission and possible commission of Federal offenses, to wit: the offenses charged in Counts Sixteen through Eighteen, contrary to Title 18, United States Code, Sections 1512(a)(1)(A) and 1512(a)(1)(C).

(Title 18, United States Code, Sections 1512(k), 1512(a)(3) and 3551 et seq.)

### COUNT SEVENTY
(Conspiracy to Commit Assault with a Dangerous Weapon)

177.   The allegations contained in paragraphs one through five and fifty-one and fifty-two are realleged and incorporated as if fully set forth in this paragraph.

178.   On or about December 8, 2010, the defendant FRANCISCO RAMOS, also known as "Cruiser," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to assault John Doe #11 with a

69

dangerous weapon, to wit: a prison shank, in violation of New

York Penal Law Sections 120.05(2) and 105.05.

(Title 18, United States Code, Sections 1959(a)(6) and

3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

70

FORM DBD-34

JUN 85

No. _____

## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

GIOVANNI PRADO, ET AL.,

Defendant(s).

## INDICTMENT

T. 18, U.S.C., §§ 924 (c)(1)(A), 924 (c)(1)(A)(ii), 924 (c)(1)(A)(iii), 924 (c)(1)(C), 924 (j)(1), 1512 (a)(3), 1512 (b)(1), 1512 (b)(2)(A), 1512 (b)(3), 1512 (d), 1959 (a)(1), 1959 (a)(3), 1959 (a)(4), 1959 (a)(5), 1959 (a)(6), 1962 (c), 1962 (d), 1963, 2, 3 and et seq.;
T. 21, U.S.C., §§ 841 (b)(1)(C) and 846

_A true bill._

_____
Foreman

_Filed in open court this_ _____ _____
_of_ _March_ _____ A.D. 20 _11_

_____
Clerk

Bail, $ _____

JOHN J. DURHAM, ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE - EDNY
610 FEDERAL PLAZA
CENTRAL ISLIP, NEW YORK 11722
(631) 715-7851

10 CR 0074 (S-3) (JFB)