JJD:RAT:CNC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                    Cr. No. 10-CR-074 (S-4)(JFB)

LOUIS RUIZ,
    also known as "Chuckie,"
HERIBERTO MARTINEZ,
    also known as "Boxer,"

        Defendant.

- - - - - - - - - - - - - - - - - -X

THE GOVERNMENT'S MEMORANDUM OF LAW IN
OPPOSITION TO THE DEFENDANTS' MOTION IN LIMINE

                                  LORETTA E. LYNCH
                                  United States Attorney
                                  Eastern District of New York
                                  610 Federal Plaza
                                  Central Islip, New York 11722

Raymond A. Tierney
John J. Durham
Carrie N. Capwell
Assistant U.S. Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

The government respectfully submits this Memorandum of Law in Opposition to the Joint Motion In Limine ("Joint Mot.") filed by the defendants LOUIS RUIZ, also known as "Chuckie," and HERIBERTO MARTINEZ, also known as "Boxer."  On January 5, 2013, the defendants filed their motion seeking to preclude or limit the testimony of the government's proffered MS-13 expert.  The defendants' motion seeks to have the Court preclude the government from calling Sergeant H. George Norris of the Prince George's County Police Department in Maryland as an expert witness or, in the alternative, conduct a Daubert hearing. Joint Mot. at 1.

On December 21, 2012, the government filed notice, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), that they seek to call Sergeant Norris as an expert witness. United States v. Acosta-Yanes et al., 10-CR-074 (S-4)(JFB) Docket Entry No. 1109.  This notice went out to all of the remaining defendants on the indictment, as well as the attorney for CARLOS ORTEGA, also known as "Silencio" and "Silent," whose case has been joined for trial along with Acosta-Yanes Group III defendant, MARTINEZ.  Although notice went out to all of the remaining defendants, the government has only decided to call Sergeant Norris at the upcoming trial of MARTINEZ and ORTEGA. The government is unaware of Sergeant Norris's availability for

2

the upcoming trials for the Group IV and Group V defendants and no decision has been made as to whether he will be called as a government witness at those trials.

The government respectfully submits that the defendants' motion should be denied after the Court conducts a limited hearing concerning Sergeant Norris's expertise and competence to testify at the upcoming trial of MARTINEZ and ORTEGA, which is scheduled to begin on January 28, 2013. However, the government objects to the participation of the Group IV and V defendants at the hearing as no decision has been made by the government to call Sergeant Norris at these later trials and these defendants do not have standing to object to Sergeant Norris's testimony at the upcoming trial of MARTINEZ and ORTEGA.

## SERGEANT H. GEORGE NORRIS SHOULD BE PERMITTED TO TESTIFY AS AN EXPERT WITNESS

Defendants Ruiz and Martinez seek to preclude Sergeant H. George Norris of the Prince George's County Police Department in Maryland from testifying as a law enforcement expert witness at trial regarding the MS-13. Ruiz, Martinez Joint Motion in Limine ("Joint Mot.") at 1. Alternatively, the defendant argues that a Daubert hearing should be held regarding Sergeant Norris's qualifications. Id. In addition to Ruiz and Martinez, the motion papers assert that counsel "have spoken to counsel for all other remaining defendants in Trial Group V and Trial Group III, and all such defendants join in the instant application." Joint Mot. at 22. For the reasons set forth below, the government submits that the Court should hold an evidentiary hearing and that the evidence introduced during that hearing will establish that Sergeant Norris is a qualified expert witness with a reliable methodology and that the proffered expert opinions are admissible pursuant to the Federal Rules of Evidence and the applicable caselaw.

### A. Legal Standard

Federal Rule of Evidence 702 governs the admission of expert testimony, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by

4

>knowledge, skill, experience, training, or
>education, may testify thereto in the form of
>an opinion or otherwise.

Fed.R.Evid. 702.

The Second Circuit and other courts have repeatedly deemed "racketeering enterprises" to be a relevant subject area for expert testimony and numerous courts have held that the admission of testimony from an expert witness is proper as to the nature, operation, symbols, jargon, practices, structure, rules and methods of organized crime and street gang enterprises. See, e.g., United States v. Mejia, 545 F.3d 179, 188-93 (2d Cir. 2008); United States v. Feliciano, 223 F.3d 102 (2d Cir. 2000); United States v. Amuso, 21 F.3d 1251, 1263 (2d Cir. 1994); United States v. Locascio, 6 F.3d 924, 938 (2d Cir. 1993); United States v. Daly, 842 F.2d 1380, 1388 (2d Cir. 1988); United States v. Levasseur, 816 F.2d 37, 45 (2d Cir. 1987); United States v. Ardito, 782 F.2d 358 (2d Cir. 1986); and United States v. Mansoori, 304 F.3d 635, 653-54 (7th Cir. 2002) (affirming use of expert gang witness who testified to "the history and structure of the [gang], as well as to their involvement in narcotics activities").

Federal Rule of Evidence 703 works in conjunction with Rule 702 and provides, in relevant part, that:

>The facts or data in the particular case
>upon which an expert bases an opinion or
>inference may be those perceived by or
>made known to the expert at or before the

5

>hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Fed.R.Evid. 703.

The final relevant Federal Rule of Evidence is Rule 705, which provides that "[t]he expert may testify in terms of opinion or inference and give reasons therefor without first testifying to the underlying facts or data, unless the court requires otherwise.  The expert may in any event be required to disclose the underlying facts or data on cross-examination."

B.  Discussion

Here, the testimony at the pretrial evidentiary hearing will establish that Sergeant Norris's anticipated expert testimony should be admissible at trial under the Federal Rules of Evidence and the applicable caselaw.  Significantly, Sergeant Norris has been accepted as an expert witness on numerous occasions in the United States District Court for the District of Maryland.  See Resume of Sergeant Norris, attached hereto as Exhibit 1.  Although Sergeant Norris has never testified as an expert in the Eastern District of New York, he has done so

numerous times in the District of Maryland and the Fourth Circuit Court of Appeals has already found that Sergeant Norris is a qualified expert witness regarding the MS-13.  United States v. Palacios, 677 F.3d 234 (4th Cir. 2012) and United States v. Ayala, 601 F.3d 256 (4th Cir. 2010).  Moreover, the Fourth Circuit has specifically held that Sergeant Norris's testimony concerning the MS-13's "development, organization, policies, practices and symbols" was proper and did not violate the Confrontation Clause of the Sixth Amendment.  United States v. Palacios, 677 F.3d at 241-44.  In Palacios the defense specifically cited the Second Circuit Court of Appeals decision in United States v. Mejia, 545 F.3d 179 (2d Cir. 2008), in arguing that Sergeant Norris's testimony violated Rule 703 and the Sixth Amendment.  Id. at 244.  However, the Fourth Circuit rejected this argument and held that, unlike the expert's testimony in Mejia, Sergeant Norris's testimony "'appl[ied] [his] expertise, derived over many years and from multiple sources' to provide an independently formed opinion."  Id., *quoting* United States v. Johnson, 587 F.3d 625, 636 (4th Cir. 2009).

Sergeant Norris's testimony at the pretrial hearing in this matter will, again, establish that he is testifying as a skilled witness with specialized knowledge gleaned from a variety of sources, as opposed to a scientist or other technical expert whose opinions may be derived solely from limited and specific

7

scientific data, and that his proffered expert testimony is some of the most mundane and uncontroversial testimony ever offered in an organized crime racketeering prosecution. The proposed testimony, as outlined in the government's December 21, 2012 letter, is a mere fraction of the testimony that a previous government expert offered at a MS-13 prior trial in this district, only portions of which were found to be objectionable by the Second Circuit. See United States v. Mejia, 545 F.3d 179 (2nd Cir. 2008). The proposed testimony falls well within the boundaries of the Federal Rules of Evidence and the applicable caselaw.

      1.    The Proposed Testimony Is Admissible Under the Federal Rules of Evidence

With respect to Rule 702, the testimony at the evidentiary hearing will establish that the opinions that Sergeant Norris will present to the jury at trial fall squarely within a category of "specialized knowledge [that] will assist the trier of fact to understand the evidence [and] to determine a fact in issue," which has consistently been permitted by the Second Circuit. The proposed testimony regarding organized crime and street gangs is, in fact, precisely the kind of expert law enforcement testimony that circuit courts have consistently approved. See, e.g., Mejia, 545 F.3d at 188-93; Feliciano, 223 F.3d at 102; Amuso, 21 F.3d at 1263; Locascio, 6 F.3d at 938; Daly, 842 F.2d at 1388; Levasseur, 816 F.2d at 45; Ardito, 782

F.2d at 358; and Mansoori, 304 F.3d at 653-54 (affirming use of expert gang witness who testified to "the history and structure of the [gang], as well as to their involvement in narcotics activities").

In addition to being within the realm of well-established use of expert testimony, Sergeant Norris's testimony will provide important background to the government's proof in the above-referenced matter.  The government bears the burden of proof in all respects and Sergeant Norris's testimony will bear upon the government's evidence establishing that the MS-13 is an "enterprise" as defined under the law.

In Mejia, the Second Circuit found that testimony given by the government's expert, New York State Police Investigator Hector Alicea, exceeded the bounds of expert testimony because it concerned matters that an average juror could understand unaided.  545 F.3d at 194.  Specifically, the court found that the expert's testimony that MS-13 members had been arrested for dealing narcotics on Long Island and were responsible for "between 18 and 22 murders between July 2000 and the trial" were facts which the jury needed no expert aid in understanding.  Id.

In his testimony, Sergeant Norris, however, will not be cataloging crimes committed by the MS-13 on Long Island.  Rather, he will explain the history, structure, composition and characteristics of the MS-13, matters that have been considered

"outside the expectable realm of knowledge of the average juror." Daly, 842 F.2d at 1388-89; Locasio, 6 F.3d at 937 ("It is still a reasonable assumption that jurors are not well versed in the structure and methods of organized crime families"). This is precisely the sort of expert testimony allowed by the court in Daly when it found descriptions of requirements of membership and codes of conduct for organized crime families to be admissible. Daly, 842 F.2d at 1389.

Additionally, the government will establish during the hearing that Sergeant Norris is applying a reliable methodology and his expert opinion testimony will consist of a synthesis and analysis of information provided by a variety of sources. While some of the sources of information consist of hearsay, which might not be otherwise admissible, Rule 703 explicitly permits experts to rely on - although not relay to the jury - hearsay provided it is "of a type reasonably relied upon by experts in the particular field." Fed.R.Evid. 703. Clearly, experts in criminal organizations such as street gangs routinely rely on the type of information described in the government's expert disclosures relating to Sergeant Norris. See, e.g., Mejia, 545 F.3d at 197 (citing United States v. Dukagjini, 326 F.3d 45, 57 (2d Cir. 2003)). Because Sergeant Norris's testimony will be based on an application of his expertise to various sources relating to the MS-13's practices and organization, his testimony

10

will not violate Rule 703.

The defendants' motion relies heavily upon the fact that Sergeant Norris is not based in Long Island, New York and "appears to have, no experience or basis of knowledge with respect to the workings of MS-13 in New York. . .  Similarly, Sergeant Norris does not appear to have any experience or basis of knowledge with respect to the specific MS-13 cliques alleged to have been involved in the present case."  Joint Mot. at 3. However, Sergeant Norris's testimony will discuss, among other things, the structure and composition of the MS-13 as an international gang, and the defendants' objection stands in direct contrast to the established caselaw of the Second Circuit regarding the admissibility of expert testimony of law enforcement witnesses.  See, e.g., Mejia, 545 F.3d at 190-91 (impermissible for expert to substitute factual evidence for expert opinion and troubling that expert is one of Government's own investigators); Feliciano, 223 F.3d 102; Amuso, 21 F.3d at 1263; Locascio, 6 F.3d at 938; Daly, 842 F.2d at 1388; Levasseur, 816 F.2d at 45; Ardito, 782 F.2d 358; and Mansoori, 304 F.3d at 653-54.  As will be discussed *infra*, Sergeant Norris's testimony will discuss aspects of the structure, composition and rules of the MS-13 that are common both foreign and domestically. While the defendants are free to call their own expert witness at trial to establish that the MS-13 is not an international gang or that

11

the rules of the gang vary within areas of the United States, the unsubstantiated arguments regarding Sergeant Norris being removed from the instant investigation advanced in the defendants' motion do not warrant the preclusion of Sergeant Norris's testimony.

### 2. Sergeant Norris's Proposed Testimony Would Not Violate the Defendants' Confrontation Rights

In Crawford, the Supreme Court announced a new test for determining whether the admission of out-of-court statements violates the Confrontation Clause. Crawford v. Washington, 541 U.S. 36, 68 (2004). The Court held that "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Id. As with a Rule 703 challenge to the expert's reliance on hearsay, the question under Crawford is whether the expert "applied his expertise to those statements but did not directly convey the substance of the statements to the jury." Crawford, 541 U.S. at 73.

In Mejia and Rubi-Gonzalez, the Second Circuit found that portions of Investigator Alicea's testimony violated both Rule 703 and the Confrontation Clause by merely relaying statements, without applying any discernable expertise. United States v. Rubi-Gonzalez, 311 Fed.Appx. 483, 487 (2d Cir. 2009); Mejia, 545 F.3d at 199. In Mejia, the court found most objectionable the testimony cataloging the specific number of murders and other violent acts committed by MS-13 members on Long

12

Island. 545 F.3d at 197. The court also found inadmissible what it characterized as the expert witness's summary of the results of the Task Force investigation of the MS-13 on Long Island. Id. The court held that the testimony violated Rule 703 by simply transmitting hearsay to the jury, and violated the Confrontation Clause of the Sixth Amendment by communicating out-of-court testimonial statements directly to the jury. Id.

Sergeant Norris's proposed testimony does not share the defects found in Investigator Alicea's testimony by the Second Circuit in Mejia and Rubi-Gonzalez. In Mejia, the court found that Investigator Alicea's testimony "went far beyond . . . describing membership rules, or explaining organizational hierarchy." Id. In contrast, testimony concerning the MS-13's rivalries with other gangs and advancement through violence are part of the structure, hierarchy, are rules of the MS-13.

The Second Circuit found that Investigator Alicea's testimony violated Rule 703 and Crawford because it "repeated hearsay evidence without applying any expertise at all." Rubi-Gonzalez, 311 Fed.Appx. at 487. While Investigator Alicea's testimony regarding the number of murders committed by the MS-13 on Long Island may not have required the application of his expertise as a law enforcement officer, Sergeant Norris's testimony concerning gang rivalries and methods for advancement within the MS-13 clearly does. Sergeant Norris will not simply

13

recite facts from a police report or case summary; rather, he is drawing on years of experience investigating the MS-13 in Maryland, in which there was overlap into other jurisdictions, including Long Island. In other words, Sergeant Norris will apply the expertise he has garnered from years of experience in order to synthesize and organize information gathered from many sources in order to form and express an opinion concerning the practices of the MS-13 in general. Thus, Sergeant Norris's testimony will not communicate "out-of-court testimonial statements in the guise of an expert opinion." Mejia, 545 F.3d at 198. This process results in testimony that reflects the expert's own opinions and implicates the expert's own credibility. As such, the defendants will have ample opportunity to confront the witness who is presenting evidence against him -- Sergeant Norris.

Recently, in United States v. Law, 528 F.3d 888, 912 (D.C. Cir. 2008), the Court of Appeals for the District of Columbia rejected an argument similar to that being made by the defendants here. In Law, the appellants challenged the expert testimony of a law enforcement officer on Crawford grounds, contending that the expert "formed his opinion . . . over the course of thousands of [undisclosed] interviews, and that his testimony is in reality the testimony of thousands of out-of-court 'witnesses' who were not subject to cross-examination."

Id. In rejecting this argument, the Law court held that "Crawford did not involve expert witness testimony and thus did not alter an expert witness's ability to rely on (without repeating to the jury) otherwise inadmissible evidence in formulating his opinion under Federal Rule of Evidence 703." Id. (quoting United States v. Henry, 472 F.3d 910, 914 (D.C. Cir. 2007)).

Finally, Sergeant Norris's testimony is not intended to circumvent the prosecution's necessity to prove an element of the charged offense. Unlike the government witnesses in Dukagjini and Cruz, Sergeant Norris was not involved in the investigation of the crimes charged in this case, and his testimony does not address the events of the charged crimes in any way. United States v. Cruz, 363 F.3d 187 (2d Cir. 2004); Dukagjini, 326 F.3d 45. Furthermore, unlike the witnesses in Dukagjiji and Cruz, the testimony that the defense seeks to exclude is not interpretation of codes or any other evidence relating to the specific crimes charged. Thus, the concerns raised in those cases simply do not apply here.

   3. <u>The Probative Value of Sergeant Norris's Proposed Testimony Is Not Substantially Outweighed by the Danger of Unfair Prejudice</u>

Sergeant Norris's testimony concerns the same general subject matter as expert testimony that the Second Circuit and other circuits have repeatedly upheld. Sergeant Norris's

testimony provides important background to the evidence relating to the murders that the defendants are charged with as well as assisting the government in establishing that the MS-13 is a "criminal enterprise" as is alleged in the indictment. Thus, his testimony has significant probative value.

Furthermore, Sergeant Norris's proposed testimony is not unduly prejudicial. Sergeant Norris will not make specific factual assertions regarding particular crimes of violence and will provide no evidence directly relating to the acts that the defendants are charged with in the indictment. Moreover, the other evidence at trial will overwhelmingly establish that the defendants and their MS-13 co-conspirators brazenly executed five individuals for no reason other than they assumed that they were members of a rival gang, had disrespected the gang in some way, had failed to comply with the rules in some way, or had simply gotten in the way. Further, the evidence will establish that those shootings were carried out by the MS-13 gang members to maintain and increase their positions in the gang. Sergeant Norris's general testimony about the gang's history and structure pales in comparison to the other evidence in this case. Thus, Sergeant Norris's testimony will not unduly prejudice the defendant before the jury. Additionally, limiting instructions from the Court can sufficiently address any danger of unfair prejudice.

CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny the defendants' motion to preclude the testimony of Sergeant Norris following a limited evidentiary hearing involving counsel for MARTINEZ and ORTEGA.

Dated:   Central Islip, New York
         January 14, 2013

                                            Respectfully submitted,

                                            LORETTA E. LYNCH
                                            United States Attorney

By:    _____
       Raymond A. Tierney
       John J. Durham
       Carrie N. Capwell
       Assistant U.S. Attorneys
       (631) 715-7849/7851/7836

cc:  Clerk of the Court (JFB) (By ECF w/o Exhibits)
     All Counsel of Record (By ECF w/o Exhibits)

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the government's attached MEMORANDUM OF LAW to be served this day by ECF without Exhibits. A copy of the MEMORANDUM OF LAW and Exhibit will be sent to the below-listed counsel by mail on January 15, 2013:

Gary S. Villanueva, Esq.
11 Park Place, Suite 1601
New York, New York 10007-2801

Sanford Talkin, Esq.
Talkin, Muccigrosso & Roberts
40 Exchange Place, 18th Floor
New York, New York 10005-2701

Lloyd J. Nadel, Esq.
170 Old Country Road
Mineola, New York 11501

Marianne S. Rantala, Esq.
350 Veterans Memorial Highway
Commack, New York 11725

Joseph F. Kilada, Esq.
666 Old Country Road
Suite 600
Garden City, New York 11530

Ira London, Esq.
99 Park Avenue, Suite 1600
New York, New York 10016

Elizabeth E. Macedonio, Esq.
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361

Michael Bachrach, Esq.
276 Fifth Ave., Suite 501
New York, NY 10001

Steve Zissou, Esq.
42-40 Bell Boulevard
Bayside, New York 11361

Raymond A. Tierney
Assistant U.S. Attorney
(631) 715-7851

Dated: January 14, 2013