**The New York Times Company**

**David McCraw**
Vice President and
Assistant General Counsel

620 8th Avenue
New York, NY 10018

tel 212.556-4031
fax 212.556-4634
mccraw@nytimes.com

May 5, 2014

**VIA FEDERAL EXPRESS**

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY −9 2014   ★

LONG ISLAND OFFICE

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  United States v. Prado et al. (10-cr-00074 (JFB))
     and United States v. Ortega (10-cr-00293 (JFB))

Dear Judge Bianco:

I write on behalf of The New York Times Company seeking the unsealing of Criminal Justice Act ("CJA") vouchers in respect to all the defendants in the above-referenced actions. We do not seek any underlying documentation that would disclose legal advice given or other information that may be subject to the attorney-client privilege. Our request is limited to so much of the vouchers as shows the date, amount, and recipient of payments approved by the Court. The Second Circuit in *United States v. Suarez*, 880 F.2d 626, 631 (2d. Cir. 1989), ruled that approved CJA vouchers were public documents under the First Amendment.

We are prepared to move by formal motion if directed to do so by the Court. However, in light of the fact that *Suarez* is settled law, we believe that the vouchers should never have been sealed in the first instance, especially in the absence of any motion by the parties to seal and any findings of fact on the record by the Court to support any sealing. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006) (sealing is permitted only if a court finds that the sealing is "necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim"); *see also Press-Enter. Co. v. Super. Ct.* ("*Press-Enterprise I*"), 464 U.S. 501, 510 (1984) ("The interest [justifying closure] is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered"); *Suarez*, 880 F.2d at 631 ("We do not believe that disclosure of the amounts paid to attorneys and experts on appellants' behalf, or the identity of those who received them, impinges on appellants' rights").

57648

We thank the Court for its consideration of this matter.

Respectfully submitted,

David E. McCraw

cc:   Counsel of Record (via electronic delivery)