UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

GIOVANNI PRADO, et al.,

             Defendants.
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

CARLOS ORTEGA,

             Defendants.
----------------------------------------------------------------X

ORDER
10-CR-74 (JFB)

ORDER
12-CR-293 (JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 14 2014 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

By letter dated May 5, 2014, the New York Times Company asked this Court to unseal portions of the Criminal Justice Act ("CJA") vouchers associated with the defendants in these actions. On May 9, 2014, the Court indicated its intention to unseal the portion of each CJA voucher showing the date, amount, category of services, and recipient of payments approved by the Court. The Court afforded defense counsel an opportunity to file any objections to the unsealing of these records by May 13, 2014. To date, no such objections have been filed.

In *United States v. Suarez*, the Second Circuit held that "the public has a qualified First Amendment right of access to the CJA forms after payment has been approved," given the "obvious legitimate public interest in how taxpayers' money is being spent." 880 F.2d 626, 630–31 (2d Cir. 1989). Because the right of access "is a qualified one," it must be weighed against a defendant's claim that his right "to effective assistance of counsel, the attorney-client privilege and work-product protection will be violated" by the unsealing of CJA forms. *Id.* at 631.

In the instant cases, no defendant has objected to the Court's unsealing of the portion of each CJA voucher showing the date, amount, category of services, and recipient of payments approved by the Court. Moreover, this Court does not find "that disclosure of the amounts paid to attorneys and experts on [defendants'] behalf, or the identity of those who received them, impinges on [defendants'] rights." *Id.* (holding that unsealing of "'the barebones data' of who was paid, how much and for what services, i.e., only the cover-sheets" did not violate defendants' rights).

Accordingly, IT IS HEREBY ORDERED that the cover sheet of each CJA voucher (*i.e.*, the portion of each CJA voucher showing the date, amount, category of services, and recipient of payments approved by the Court) in these cases shall be unsealed.

SO ORDERED.

Dated: May 14, 2014
Central Islip, New York

Joseph F. Bianco
United States District Judge

2